IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LILY TAYLOR, TIM TAYLOR, and BONNIE
TAYLOR

        Plaintiffs,

v.                                                                                    No. 1:23-cv-00821 KRS-JHR

THE SANTA FE PUBLIC SCHOOL
DISTRICT, THE SANTA FE PUBLIC
SCHOOL BOARD OF EDUCATION,
CARL MARANO, in his individual capacity,
HILARIO CHAVEZ, in his individual capacity,
UNIVERSAL PROTECTION SERVICE, LLC
d/b/a ALLIED UNIVERSAL SECURITY SERVICES,
AMEEN BENHALIM, and BADR EL-BADRI,

        Defendants.

---

**DEFENDANTS THE SANTA FE PUBLIC SCHOOL DISTRICT, THE SANTA FE
PUBLIC SCHOOL BOARD OF EDUCATION, CARL MARANO, AND HILARIO
CHAVEZ'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**

---

COME NOW defendants The Santa Fe Public School District, The Santa Fe Public School

Board of Education, Carl Marano, and Hilario Chavez (collectively, the "School Defendants") by

and through their attorneys, Coppler Law Firm, P.C. (Gerald A. Coppler), and answer the *First

Amended Complaint for Damages* (Doc. 1-2) (the "Complaint").

## PARTIES, JURISDICTION, AND VENUE

1.     School Defendants are without sufficient knowledge or information to form a belief

as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint and, therefore,

deny them.

2.    School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint and, therefore, deny them.

3.    With regard to the allegations contained in paragraph 3 of the Complaint, School Defendants admit only that the Santa Fe Public School District is an area of land established as a political subdivision of the State of New Mexico but deny the implication that it has the capacity to sue or be sued.

4.    With regard to the allegations contained in paragraph 4 of the Complaint, School Defendants admit that the Santa Fe Public Schools Board of Education is a local school board having those powers and duties pursuant to NMSA 1978 § 22-5-4.

5.    With regard to the allegations contained in paragraph 5 of the Complaint, School Defendants admit that Defendant Hilario Chavez was the local superintendent of the Santa Fe Public Schools and a public employee as those terms are defined in NMSA 1978 § 22-5-14 and § 41-4-3(F). School Defendants further admit that, as local superintendent, Defendant Chavez had those powers and duties as are enumerated under NMSA 1978 § 22-5-14.

6.    With regard to the allegations contained in paragraph 6 of the Complaint, School Defendants admit that Defendant Carl Marano was Principal of Santa Fe High School for a time, but they deny that he was Principal at the time of the alleged incident giving rise to the Complaint. School Defendants further admit that, as school principal, Defendant Marano had those powers and duties as are enumerated under NMSA 1978 § 22-10A-18.

7.    The allegations contained in paragraph 7 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

8.      The allegations contained in paragraph 8 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

9.      With regard to the allegations contained in paragraph 9 of the Complaint, School Defendants admit that the Santa Fe Public Schools contracted with Allied Universal to provide security services at schools in the school district including Santa Fe High School. School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 9 of the Complaint and, therefore, deny them.

10.     School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation contained in paragraph 10 of the Complaint regarding the county of residence of Defendant Benhalim but otherwise admit the allegations contained in that paragraph.

11.     School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation contained in paragraph 11 of the Complaint regarding the county of residence of Defendant el-Badri but otherwise admit the allegations contained in that paragraph.

12.     With regard to the allegations contained in paragraph 12 of the Complaint, School Defendants do not admit that the alleged acts occurred but admit they are alleged to have occurred in Santa Fe County.

13.     School Defendants admit the allegations contained in paragraph 13 of the Complaint.

14.     With regard to the allegations contained in paragraph 14 of the Complaint, School Defendants admit only that its powers and duties with respect to the school district are as set forth

in NMSA 1978 § 22-5-4. The remaining allegations contained in paragraph 14 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

15.    The allegations contained in paragraph 15 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.  In addition, NMSA 1978 § 22-5-4.3(B) speaks for itself.

16.    The allegations contained in paragraph 16 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

17.    The allegations contained in paragraph 17 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

18.    The allegations contained in paragraph 18 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

## FACTUAL BACKGROUND

### Security at Santa Fe High School

19.    School Defendants admit the allegations contained in paragraph 19 of the Complaint.

20.    With regard to the allegations contained in the paragraph 20 of the Complaint, School Defendants admit the allegations contained in the first sentence and, with regard to the allegations contained in second sentence, admit only that certain duties and responsibilities were assigned or delegated to Allied as set forth by contract.

21.    School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint and, therefore, deny them.

22.     With regard to the allegations contained in paragraph 22 of the Complaint, School Defendants admit only that there were, on occasion, missed patrols and check-ins.  School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 22 of the Complaint and, therefore, deny them.

23.     School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 23 of the Complaint and, therefore, deny them.  School Defendants deny the remaining allegations contained in paragraph 23 of the Complaint.

24.     School Defendants deny the allegations contained in paragraph 24 of the Complaint as to SFPS employees.  School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations directed at Allied Universal and, therefore, deny them.

25.     School Defendants deny the allegations contained in paragraph 25 of the Complaint as to SFPS employees.  School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations directed at Allied Universal and, therefore, deny them.

26.     School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 26 of the Complaint concerning the purported knowledge of students and, therefore, deny them.  School Defendants deny the remaining allegations contained in paragraph 26 of the Complaint.

27.     School Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.    School Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.    With regard to the allegations contained in paragraph 29 of the Complaint, School Defendants admit that Allied Universal's compensation was increased, but deny the remaining allegations contained in paragraph 29 of the Complaint.

30.    School Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.    School Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.    School Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.    School Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.    School Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.    School Defendants deny the allegations contained in paragraph 35 of the Complaint.

**The [alleged] assault on Ms. Taylor**

36.    School Defendants admit the allegations contained in paragraph 36 of the Complaint.

37.    With regard to the allegations contained in paragraph 37 of the Complaint, School Defendants admit only that Badr el-Badri was a student at Santa Fe High School and, on information and belief, he was out on pretrial release related to a delinquency proceeding pending

in Children's Court. School Defendants deny the remaining allegations contained in paragraph 37 of the Complaint.

38.    School Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.    With regard to the allegations contained in the first sentence of paragraph 39 of the Complaint, School Defendants admit the allegation that Taylor and el-Badri were students in the same first period class but deny that it was during the Fall 2020 semester.  School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 39 of the Complaint and, therefore, deny them.

40.    School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint and, therefore, deny them.

41.    School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint and, therefore, deny them.

42.    School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint and, therefore, deny them.

43.    School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint and, therefore, deny them.

44.    School Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     With regard to the allegations contained in paragraph 45 of the Complaint, School Defendants deny the allegations that the alleged harassment occurred in the presence of or was witnessed by various school officials and employees over the course of two weeks. School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 45 of the Complaint and, therefore, deny them.

46.     School Defendants deny the allegations contained in paragraph 46 of the Complaint that SFPS employees knew or had reason to suspect such harassment (if any) or that they had any reason to protect Taylor from such harassment.  They further deny any implication that Taylor or others notified any of them of alleged harassment.   School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 46 of the Complaint and, therefore, deny them.

47.     School Defendants admit the allegation contained in paragraph 47 of the Complaint that el-Badri was suspended from school, but deny the remaining allegations contained in paragraph 47 of the Complaint.

48.     School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint and, therefore, deny them.

49.     School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Complaint and, therefore, deny them.

50.     School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Complaint and, therefore, deny them.

51.     School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint and, therefore, deny them.

52.     School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Complaint and, therefore, deny them.

53.     School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint and, therefore, deny them.

54.     School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint and, therefore, deny them.

55.     School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint and, therefore, deny them.

56.     School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Complaint and, therefore, deny them.

57.     School Defendants admit the allegation that Taylor was discovered in a porta potty but are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 57 of the Complaint and, therefore, deny them.

58.     With regard to the allegations contained in paragraph 58 of the Complaint, School Defendants admit that the porta potty was in the line of sight the principal's office but deny the allegation or implication that the porta potty could be clearly seen from inside the principal's office or the implication that the principal's attention was or should have been directed to the porta potty at all times of the school day or at the time of the alleged incident.

59.     School Defendants admit the allegation that Taylor was transported to a hospital after she was discovered in the porta-potty but are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 59 of the Complaint and, therefore, deny them.

60.     School Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     School Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     School Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     With regard to the allegations contained in paragraph 63 of the Complaint, School Defendants admit there were no cameras in the area of the alleged assault.  School Defendant are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in last sentence of paragraph 63 of the Complaint and, therefore, deny them. School Defendants deny the remaining allegations contained in paragraph 63 of the Complaint.

64.    School Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.    With regard to the allegations contained in paragraph 65 of the Complaint, School Defendants admit that students are expected to attend class unless excused or unable to attend. School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 65 of the Complaint and, therefore, deny them.

66.    School Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.    School Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.    School Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.    School Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.    School Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.    School Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.    School Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.    School Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     School Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.     School Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.     School Defendants deny the allegation that security was lax, but they are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 76 of the Complaint and, therefore, deny them.

77.     School Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of paragraph 78 of the Complaint and, therefore, deny them. School Defendants deny the allegations contained in last sentence of paragraph 78 of the Complaint.

## Count I: [Alleged] Violation of the New Mexico Human Rights Act
## Against Defendants SFPSD and SFPSBOE

79.     School Defendants re-allege by reference each and every response contained in paragraphs 1 through 78 and incorporate the same herein as though fully set forth herein.

80.     The allegations contained in paragraph 80 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

81.     The allegations contained in paragraph 81 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

82.     The allegations contained in paragraph 82 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

83.     The allegations contained in paragraph 83 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

84.     The allegations contained in paragraph 84 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

85.     School Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.     School Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.     The allegations contained in paragraph 87 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

88.     The allegations contained in paragraph 88 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

89.     School Defendants deny the allegations contained in paragraph 89 of the Complaint.

## Count II: [Alleged] Negligence Against SFPSD and SFPSBOE

90.     School Defendants re-allege by reference each and every response contained in paragraphs 1 through 89 and incorporate the same herein as though fully set forth herein.

91.     The allegations contained in paragraph 91 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

92.     School Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.     School Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.     School Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.     School Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.     School Defendants deny the allegations contained in paragraph 96 of the Complaint.

97.     The allegations contained in paragraph 97 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

98.     School Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.     School Defendants deny the allegations contained in paragraph 99 of the Complaint.

## Count III: [Alleged] Violation of the New Mexico Civil Rights Act
### Against Defendants SFPSD and SFPSBOE

100.    School Defendants re-allege by reference each and every response contained in paragraphs 1 through 99 and incorporate the same herein as though fully set forth herein.

101.    The allegations contained in paragraph 101 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

102.    The allegations contained in paragraph 102 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

103.    School Defendants deny the allegations contained in paragraph 103 of the Complaint.

104.    School Defendants deny the allegations contained in paragraph 104 of the Complaint.

14

105.    School Defendants deny the allegations contained in paragraph 105 of the Complaint.

106.    School Defendants deny the allegations contained in paragraph 106 of the Complaint.

107.    School Defendants deny the allegations contained in paragraph 107 of the Complaint.

## Count IV: [Alleged] Discrimination in Violation of Title IX
## 20 U.S.C. §§ 1681 et seq. against SFPSD and SFPSBOE

108.    School Defendants re-allege by reference each and every response contained in paragraphs 1 through 107 and incorporate the same herein as though fully set forth herein.

109.    School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 109 of the Complaint and, therefore, deny them.

110.    School Defendants deny the allegations contained in paragraph 110 of the Complaint.

111.    School Defendants deny the allegations contained in paragraph 111 of the Complaint.

112.    The allegations contained in paragraph 112 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

113.    School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 113 of the Complaint and, therefore, deny them.

114.    School Defendants deny the allegations contained in paragraph 114 of the Complaint.

115.    School Defendants deny the allegations contained in paragraph 115 of the Complaint.

116.    School Defendants deny the allegations contained in paragraph 116 of the Complaint.

117.    School Defendants deny the allegations contained in paragraph 117 of the Complaint.

118.    School Defendants deny the allegations contained in paragraph 118 of the Complaint.

### Count V: [Alleged] Civil Rights Violations Under 28 U.S.C. § 1983 by SFPSD, SFPSBOE, Chavez, and Marano

119.    School Defendants re-allege by reference each and every response contained in paragraphs 1 through 118 and incorporate the same herein as though fully set forth herein.

120.    The allegations contained in paragraph 120 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

121.    The allegations contained in paragraph 121 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

122.    The allegations contained in paragraph 122 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

123.    School Defendants deny the allegations contained in paragraph 123 of the Complaint.

124.    School Defendants deny the allegations contained in paragraph 124 of the Complaint.

125.    School Defendants deny the allegations contained in paragraph 125 of the Complaint.

126.    School Defendants deny the allegations contained in paragraph 126 of the Complaint.

127.    School Defendants deny the allegations contained in paragraph 127 of the Complaint.

128.    School Defendants deny the allegations contained in paragraph 128 of the Complaint.

129.    School Defendants deny the allegations contained in paragraph 129 of the Complaint.

130.    School Defendants deny the allegations contained in paragraph 130 of the Complaint.

131.    School Defendants deny the allegations contained in paragraph 131 of the Complaint.

132.    School Defendants deny the allegations contained in paragraph 132 of the Complaint.

133.    School Defendants deny the allegations contained in paragraph 133 of the Complaint.

134.    The allegations contained in paragraph 134 of the Complaint are legal conclusions and, therefore, need not be admitted or denied.

135.    School Defendants deny the allegations contained in paragraph 135 of the Complaint.

### Count VI: [Alleged] Negligence Against Allied Universal

136.    School Defendants re-allege by reference each and every response contained in paragraphs 1 through 135 and incorporate the same herein as though fully set forth herein.

137.    The allegations contained in paragraph 137 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

138.    The allegations contained in paragraph 138 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

139.    The allegations contained in paragraph 139 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

140.    The allegations contained in paragraph 140 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

141.    The allegations contained in paragraph 141 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

142.    The allegations contained in paragraph 142 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

143.    The allegations contained in paragraph 143 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

144.    The allegations contained in paragraph 144 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

145.    The allegations contained in paragraph 145 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

### Count VII: [Alleged] General Negligence and Negligent Entrustment
### Against Ameen Benhalim

146.    School Defendants re-allege by reference each and every response contained in paragraphs 1 through 145 and incorporate the same herein as though fully set forth herein.

147.    The allegations contained in paragraph 147 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

148.    The allegations contained in paragraph 148 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

149.    The allegations contained in paragraph 149 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

150.    The allegations contained in paragraph 150 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

151.    The allegations contained in paragraph 151 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

152.    The allegations contained in paragraph 152 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

153.    The allegations contained in paragraph 153 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

154.    The allegations contained in paragraph 154 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

### Count VIII: [Alleged] Sexual Battery Against Badr el-Badri

155.    School Defendants re-allege by reference each and every response contained in paragraphs 1 through 154 and incorporate the same herein as though fully set forth herein.

156.    The allegations contained in paragraph 156 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

157.    The allegations contained in paragraph 157 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

158.    The allegations contained in paragraph 158 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

19

159.    The allegations contained in paragraph 159 of the Complaint are directed at another defendant and, therefore, the allegations need not be admitted or denied.

### Count IX: [Alleged] Loss of Consortium

160.    School Defendants re-allege by reference each and every response contained in paragraphs 1 through 159 and incorporate the same herein as though fully set forth herein.

161.    School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 161 of the Complaint and, therefore, deny them.

162.    School Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 162 of the Complaint and, therefore, deny them.

163.    School Defendants deny the allegations contained in paragraph 163 of the Complaint.

164.    School Defendants deny the allegations contained in paragraph 164 of the Complaint.

165.    School Defendants deny the allegations contained in paragraph 165 of the Complaint.

166.    School Defendants deny each and every allegation in the Complaint not specifically admitted by them in this answer.

### AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a cause of action against the School Defendants upon which relief can be granted.

2.    Defendants Marano and Chavez enjoy qualified immunity.

3.      Defendant Marano was not the Principal of Santa Fe High School during the 2021-2022 school year.

4.      The School Defendants' alleged conduct does not rise to the level necessary to assert violations of any of Plaintiff's constitutional or civil rights.

5.      At all times material hereto, the School Defendants' actions were in good faith, justified and reasonable and were not taken with deliberate indifference to Plaintiff's rights.

6.      The School Defendants' alleged actions or inactions were based on legitimate non-discriminatory and non-retaliatory reasons.

7.      The School Defendants at all times acted in accord with law and school policies.

8.      If the Complaint states a claim under § 1983 and/or § 1988, which School Defendants deny, Plaintiff is not entitled to monetary relief from Defendants Marano and Chavez for actions taken in their official capacities.

9.      Plaintiff's Title IX claim fails as a matter of law.

10.      As to the tort claims in the Complaint, the New Mexico Tort Claims Act ("NMTCA") is the exclusive remedy for any tort claims brought against the School Defendants.

11.      There is no waiver of immunity under the NMTCA for the tort claims alleged in the Complaint.

12.      The School Defendants' alleged actions or inactions were not the proximate cause of Plaintiffs' alleged injuries.

13.      To the extent Plaintiffs failed to mitigate their damages (if any), their recovery (if any) must be barred or reduced.

14.     The School Defendants affirmatively state that if they were at fault in any respect, which is specifically denied, then the fault of all persons and entities must be considered, and liability apportioned among all persons and entities at fault.

15.     Any damages sustained by Plaintiffs were directly caused by the actions or inactions of third parties for whom the School Defendants are not responsible.

16.     Punitive damages are not recoverable for all or part of Plaintiffs' claims.

17.     The award of punitive damages against the School Defendants herein would violate the New Mexico and United States constitutions.  In addition, procedures for awards of punitive damages in New Mexico do not provide safeguards adequate to ensure due process as guaranteed by the Fourteenth Amendment to the United States Constitution in that:

> a.     There are no statutory limits placed on the amount of punitive damages that a jury may award;
>
> b.     The jury is insufficiently limited in its discretion to award punitive damages; and
>
> c.     The "preponderance of evidence" standard of proof is not high enough to satisfy due process where a defendant faces a punitive damage award.

18.     Plaintiffs' claims may be barred in whole or in part pursuant to the statute of limitations.

19.     Defendant The Santa Fe Public School District is not a legal entity subject to suit and is not a proper party here.

20.     The School Defendants reserve the right to rely upon such other defenses as may become known or available during discovery, or otherwise, in this case and hereby reserve the right to amend this answer to include such defenses.

WHEREFORE, the School Defendants ask this Court to enter its order dismissing the Complaint with prejudice, together with costs of suit, attorney's fees if applicable, and to grant any further relief as the Court deems just and proper under the circumstances.

### JURY DEMAND

Pursuant to FED.R.CIV.P. 38 and 48, the School Defendants hereby demand a jury of at least six (6) and no more than twelve (12) persons on all claims triable by jury.

Respectfully Submitted,

COPPLER LAW FIRM, P.C.

/s/ Gerald A. Coppler
Gerald A. Coppler
645 Don Gaspar Avenue
Santa Fe. New Mexico 87505
*Attorneys for Defendants The Santa Fe*
*Public School District, The Santa Fe Public*
*School Board of Education, Carl Marano,*
*and Hilario Chavez*

### Certificate of Service

I HEREBY CERTIFY that on the 29th day of September 2023, I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record and parties *pro se* to be served by electronic mail, fax, or USPS, as more fully reflected in the Notice of Electronic Filing.

/s/ Gerald A. Coppler

GAC/PLEADING/3195410.2023-09-29 School Defendants' Answer to Complaint submitted