## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**LILY TAYLOR, TIM TAYLOR, and BONNIE TAYLOR**

      **Plaintiffs,**

**v.**                                        **No. 1:23-cv-00821-KRS-JHR**

**THE SANTA FE PUBLIC SCHOOL
DISTRICT, THE SANTA FE PUBLIC
SCHOOL BOARD OF EDUCATION,
CARL MARANO, in his individual capacity,
HILARIO CHAVEZ, in his individual capacity,
UNIVERSAL PROTECTION SERVICE, LLC
d/b/a ALLIED UNIVERSAL SECURITY SERVICES,
AMEEN BENHALIM, and BADR EL-BADRI,**

      **Defendants.**

## STIPULATED CONFIDENTIALITY ORDER

**THIS MATTER** having come before the Court on the Joint Motion for Entry of Stipulated Confidentiality Order (Doc. 17) and the parties' agreement that the confidentiality of information and certain documents, including paper and electronic documents, should be maintained in this action ("the Lawsuit"). The Court finds that good cause exists for entering this Order.

**THE COURT HEREBY ORDERS:**

1. The following documents and information contained in said documents (hereinafter "Confidential Information"), which may be produced as described below, shall be kept confidential and shall be utilized by the Parties for purposes solely related to the Lawsuit (including but not limited to discovery, motions practice, mediation, or trial), as stated below:

    a.      All medical and psychological records;

    b.      Bank and credit card account numbers and statements;

c.    Personnel records of employees of Santa Fe Public Schools containing employee evaluations and disciplinary actions, social security numbers, dates of birth, home addresses and personal telephone numbers, banking information, health and life insurance information, and any other information exempt from disclosure to the public under the Inspection of Public Records Act ("IPRA"), NMSA 1978, § 14-2-1, or other applicable law;

d.    All documents containing Protected Health Information ("PHI"), as defined in the Health Insurance Portability and Accountability Act ("HIPAA") privacy rule, PL 104-191, 45 CFR Parts 160 and 64 and the HITECH Act;

e.    All student information protected by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g.

f.    Photographs, digital images, or video recordings which depict any sexual activity, nudity, or sexual assault examination.

g.    Personnel records and identifiers of Universal Protection Service LLC d/b/a Allied Universal Security Services, LLC including employee personnel records, evaluations, disciplinary actions, financial data, social security numbers, dates of birth, home addresses, and personal telephone numbers.

h.    Propriety information and commercial data of Universal Protection Service LLC d/b/a Allied Universal Security Services, LLC including financial information, tax records, trade secrets, marketing strategies, customer information or lists, contracts, post orders, daily activity reports, information concerning actual or anticipated business activities and research or development.

2.   The parties shall utilize the following procedure to identify documents and/or information as Confidential Information and protect Confidential Information from disclosure to any third party:

a.      Any party disclosing information or materials may, at any time prior or subsequent to disclosure, identify and mark material as "CONFIDENTIAL," provided a good faith basis exists for deeming the material confidential and that this designation is expressly made by notation on the material itself or in a letter accompanying the disclosure of the material.  Any materials used during a deposition which a party believes should be confidential must be identified as confidential prior to or during the deposition itself.

b.      All Confidential Information produced or exchanged in the course of discovery in this litigation shall be used solely for the purpose of this litigation until final judgment, including any appeals or settlement, and shall not be disclosed to any person other than as permitted herein.

c.      Confidential Information used during depositions shall be expressly identified as "Confidential" in the transcript or other official record of the deposition. Confidential Information marked as deposition exhibits must be clearly marked as "Confidential" before those exhibits are included in any official transcription or record. The parties stipulate that nothing in this Stipulated Confidentiality Order shall preclude any party from contesting the relevance or admissibility of any material produced pursuant to the Stipulated Confidentiality Order.

3.   Attorneys for the Parties shall only distribute or disclose Confidential Information to the following persons: (1) the Parties, judge, court personnel, and jury; (2) legal counsel representing

the Parties in this action (including their administrative assistants, law clerks and other law office support staff); (3) expert witnesses retained by any Party in relation to the Lawsuit; (4) court reporters and videographers involved in the taking of any depositions, including any employees thereof; and (5) any fact witness that may be called to testify at a deposition by oral examination or at trial.

4.   Parties to the Lawsuit may not copy or retain copies, either paper or electronic, of any Confidential Information, but may review such documents as is necessary in this case, provided that any such document review shall be limited to the parties themselves and further provided that any such documents reviewed (or copies thereof) shall be promptly destroyed or returned to their respective attorneys at the conclusion of this case. The Parties will not permit any person not identified above in Paragraph 3 to inspect, examine, copy or replicate any Confidential Information. The Parties will not disclose any Confidential Information to any person not identified in Paragraph 3 at any time, except by order of the Court. Attorneys for the Parties agree that they and their employees will utilize Confidential Information only for purposes related to the Lawsuit, and that they shall otherwise maintain the confidentiality of documents and information deemed Confidential Information; provided however, that nothing contained in this Confidentiality Order shall prevent the Santa Fe Public Schools or its employees from using Confidential Information created or maintained by it, if used in the ordinary course of business.

5.   The parties acknowledge that this Order does not entitle them to seal confidential information filed with the Court.

6.   In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) filing a redacted

document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document containing confidential information is the designating party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the confidential information contained in the document and stating whether the designated material is sealable, and if so why, within fourteen (14) days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration within the fourteen-day time period, the submitting party may file the document in the public record no earlier than four days, and no later than ten days, after the motion is denied.

7.   The terms of this protective order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the confidential document as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential document be received in camera or under other conditions to prevent

unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing.

8.  If any Party produces any document which contains PHI, as defined and used in the HIPAA, the Party may elect to redact the PHI from the document prior to production if it pertains to a person who is not a Party to the Lawsuit. If a Party (a) chooses to produce Confidential Information that contains PHI, (b) is required to produce Confidential Information that contains PHI, or (c) otherwise uses Confidential Information that contains PHI, this Confidentiality Order shall be considered a "Qualified Protective Order", as permitted under 45 CFR §§ 164.512(e)(1)(ii) and -(v). Therefore, the party producing any documentation containing PHI is hereby relieved of the requirement to give notice to the patient(s) whose PHI is contained in the confidential record being disclosed (see 45 CFR § 164.512(e)(1)(ii)(A)).

9.  Upon conclusion of the Lawsuit, the provisions of this Order shall continue to be binding. This Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties or by Court Order. All Confidential Information including but not limited to, PHI subject to HIPPA and/or the HITECH Act, including all copies, must either be returned to the providing party or destroyed within thirty days of the conclusion of the Lawsuit, and any subsequent appeal, if any, as provided in 45 C.F.R. §164.512(e)(1)(v).

10. This Order shall not be construed as a waiver by any Party of any objection the Party might have regarding the production, admissibility or use of any Confidential Information produced in the course of litigation of the Lawsuit. If any Party disputes the designation of any document as Confidential Information, such Party may bring the issue to the Court's attention, either by motion or, if all Parties agree, pursuant to an informal telephonic status conference

with the assigned judge overseeing discovery matters, for a decision on whether such document or information contained therein constitutes Confidential Information subject to the terms of this Order.  However, the parties shall negotiate in good faith concerning any dispute over the confidentiality of materials before raising the issue with the Court.  Any dispute as to whether a document and/or its contents is Confidential Information shall be kept Confidential pursuant to the terms of this Order until, and unless, the Court rules otherwise.

11.  This Order is not binding on court personnel or jurors.

**IT IS SO ORDERED.**

_____
**THE HONORABLE JERRY H. RITTER**
**UNITED STATES MAGISTRATE JUDGE**

**Approved By:**

*Counsel for Plaintiff*

*/s/ Ben Osborn by email on 11/10/2023*
Katherine Ferlic
Ben Osborn
EGOLF + FERLIC +
MARTINEZ + HARWOOD
123 W. San Francisco Street, Second Floor
Santa Fe, New Mexico 87501
(505) 986-9641
kate@egolflaw.com
ben@egolflaw.com

*Counsel for The Santa Fe Public School District,*
*The Santa Fe Public School District Board of Education,*
*Carl Marano, and Hilario Chavez*

*/s/ Gerald A. Coppler*
Gerald A. Coppler
COPPLER LAW FIRM, P.C.
645 Don Gaspar Ave
Santa Fe, New Mexico 87505-2696
(505) 988-5656
gcoppler@coppler.com

7

***Counsel for Universal Protection Service, LLC***
***d/b/a Allied Universal Security Services***

*/s/ Dominique C. Oliver by email on November 11/10/2023*
Louis W. Horowitz
Dominique C. Oliver
LORBER, GREENFIELD, & POLITO, LLP
100 Sun Ave. NE, Suite 650
Albuquerque, NM 87109
lhorowitz@lorberlaw.com
doliver@lorberlaw.com

***Counsel for Ameen Benhalim***

*/s/ Thomas Lynn Isaacson by email on 11/10/2023*
Thomas Lynn Isaacson
MASON & ISSACSON, P.A.
P.O. Box 1772
104 E. Aztec
Gallup, New Mexico 87301
(505) 722-4463
tli@milawfirm.net

***Counsel for Badr El-Badri***

*/s/* Jeffrey Mitchell by email on 11/13/2023
Richard M. Padilla
Jeffrey Mitchell
O'BRIEN & PADILLA, P.C.
6000 Indian School Rd., N.E., Suite 200
Albuquerque, New Mexico 87110
(505) 883-8181
rpadilla@obrienlawoffice.com
jmitchell@obrienlawoffice.com