IN THE UNITED STATES DISTRCT COURT
FOR THE DISTRICT OF NEW MEXICO

LILY TAYLOR *and* BONNIE TAYLOR,

    Plaintiffs,

v.                                                           No. 1:23-cv-00821-MV-JHR

SANTA FE PUBLIC SCHOOLS BOARD OF
EDUCATION, HILARIO CHAVEZ, UNIVERSAL
PROTECTION SERVICES, LLC, AMEEN
BENHALIM, BADR EL-BADRI, *and* RENEE
SALAZAR-GARCIA,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO COMPEL WITHOUT PREJUDICE**

THIS MATTER is before the Court on Plaintiffs' Motion to Compel Compliance with Subpoena Duces Tecum, [Doc. 99] ("the Motion"). Plaintiffs ask the Court to compel the New Mexico Children, Youth & Families Department ("CYFD") to produce documents in compliance with a subpoena. *See* [Doc. 99, p. 6]. Responses to motions are due within 14 days of service. D.N.M.LR-Civ. 7.4(a). CYFD did not timely respond or request an extension, which constitutes consent to the Motion. D.N.M.LR-Civ. 7.1(b). However, having considered Plaintiffs' brief and the relevant law, the Court denies the Motion without prejudice.

Plaintiffs want records and information from CYFD connected to Defendant Badr el-Badri's juvenile criminal probation in 2021. [Doc. 99, pp. 1–2]. In May 2024, Plaintiffs served a subpoena on CYFD seeking those records. [Doc. 99-1]. CYFD told Plaintiffs they had no records to produce and that "[a]ny records the [CYFD] may have had [related to el-Badri] have been officially sealed pursuant to §32A-2-26 NMSA 1978" and are "confidential under §32A-2-32(A), and not subject to disclosure by subpoena pursuant to §32A-2-32 NMSA 1978 . . . and

1

8.14.23.9(C) NMAC." [Doc. 99-2]. After fruitless discussions, Plaintiffs filed the present Motion. *See* [Doc. 99-3].

      CYFD's rationale appears correct. Under New Mexico's Delinquency Act, records of juvenile delinquency must be sealed on an appropriate motion and upon satisfaction of certain requirements. *See* NMSA 1978 § 32A-2-26(A). The records are then "confidential and shall not be disclosed directly or indirectly to the public." *Id.* at § 32A-2-32(A). "Upon entry of the sealing order, the proceedings shall be treated as if they never occurred" and "[t]he court, law enforcement officers and departments and agencies shall reply, and the person may reply, to an inquiry that no record exists with respect to the person." *Id.* at § 32A-2-26(C). Intentional and unlawful release of such records is a petty misdemeanor. *Id.* at § 32A-2-32(E). However, an exception exists for any "person or entity, by order of the court, having a legitimate interest in the case or the work of the court who agrees not to otherwise release the records[.]" *Id.* at § 32A-2-32(C)(16). "The court" which can grant this access is "the children's court division of the district court[.]" *See id.* at § 32A-1-4(E). State regulations thus prohibit CYFD from disclosing confidential juvenile justice records unless "pursuant to a valid court order" or they are being given "to those entities specifically entitled to access under the New Mexico Children's Code Delinquency Act." 8.14.23.9 NMAC.

      In light of this, compelling CYFD to comply with the subpoena is inappropriate. Parties can use subpoenas to compel non-parties to produce documents, but they "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and courts "must enforce this duty[.]" Fed. R. Civ. P. 45(a)(1)(D), (d)(1). On timely motion, a court must quash or modify a subpoena which requires "disclosure of privileged or other protected matter" or which "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv). Had

CYFD filed a motion to quash under Rule 45, which it did not, the action that the Court takes today would have been mandatory. *Id.*

In the absence of a timely motion to quash, the Court is guided by the general goal of Rule 45 to "avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(a). The rule casts that duty as a mandatory responsibility of the "party or attorney . . . issuing and serving a subpoena." *Id.* New Mexico state law unambiguously protects the records Plaintiffs seek and criminalizes their improper disclosure. NMSA 1978 §§ 32A-2-26(A), (C). Even producing a privilege log may violate state law by acknowledging the existence of sealed records. *See id.* at § 32A-2-26(C). Ordering CYFD to comply with Plaintiffs' subpoena may thus force its employees to choose between committing a state law crime and complying with a federal court order.

However, the same state statutory and administrative structure that creates confidentiality also defines a reasonable path to obtain disclosure upon demonstrating to the Children's Court a "legitimate interest in the case" and "agree[ing] not to otherwise release the records." *Id.* at § 32A-2-32(C)(16). In this context, the burden on CYFD imposed by Plaintiffs' subpoena appears especially undue considering that Plaintiffs have not attempted to obtain an appropriate order from a New Mexico Children's Court which could grant access to the records without creating federal-state comity problems. Plaintiffs' Motion is thus denied.

Based on the discussion above, the Court **DENIES** Plaintiffs' Motion to Compel Compliance with Subpoena Duces Tecum, [Doc. 99], without prejudice. Plaintiffs may renew their Motion upon showing that they have attempted, in good faith, to access the documents they seek in a manner permitted by New Mexico state law.

**IT IS SO ORDERED.**

_____
Hon. Jerry H. Ritter
United States Magistrate Judge